

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin 11, Texas

*0-5210 - 0-4737*
*Yes so for authorityconflict*

Attention: Mr. W. Luther Estes

Dear Sir:

Opinion No. 0-6745
Re: May the Secretary of State
disclose the name of the
person designated in a
franchise tax report as
the agent upon whom serv-
ice of process may be had?
And related questions.

     You have requested the opinion of this department
in answer to the following question:

     "May the Secretary of State disclose the
name of the person appearing in a franchise tax
report on whom service may be had?"

     You have also requested that this department re-
consider its Opinion No. 0-5210, approved on May 19, 1943,
as to certain holdings therein contained, which apparently
conflict with the provisions of House Bill No. 641, Acts of
the 48th Legislature, 1943, page 476, which was evidently
not considered by this department in rendering the opinion
just referred to.

     It is first necessary to consider the provisions
of Article 7089, Revised Civil Statutes of Texas, as amend-
ed, in the light of the original legislative Act as well as
the amendments thereto, as modified by House Bill No. 641,
Acts 48th Legislature, Regular Session, 1943, page 476,
which is now designated as Article 7089b, Revised Civil Stat-
utes of Texas, 1925, as amended.

     Section 3 of House Bill No. 578, Acts 33rd Legis-
lature, Regular Session, 1913, Chapter 153, Section 3, page
328, is as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Claude Isbell, page 2

"The reports required by this Act shall be deemed to be privileged and not for the inspection of the general public, but any party or parties who are interested in the subject matter of any report may, upon valid request in writing made to the Secretary of State, secure a copy of same."

By House Bill No. 180, Acts 36th Legislature, Regular Session, 1919, Chapter 46, Section 4, page 82, the Legislature re-enacted Section 3 in its same terms and again by Senate Bill No. 89, Acts 37th Legislature, Regular Session, 1921, Chapter 90, Section 4, page 173, Section 3 was re-enacted in identical terms.

Upon the codification of the statutes in 1925, Section 3 as above set forth, was codified in the Revised Statutes of Texas, 1925, as Article 7089, Chapter 3, Title 122, which is in part as follows:

". . . Said reports shall be deemed to be privileged and not for the inspection of the general public but one interested in the subject matter of any report may secure a copy of the same upon valid request in writing made to the Secretary of State. . . ."

In 1930, by House Bill No. 12, Acts 41st Legislature, Fifth Called Session, 1930, Chapter 68, Section 3, page 220, Article 7089 was again amended in part to read as follows:

"Said reports shall be deemed to be privileged and not for the inspection of the general public, but one interested in the subject matter of any report may secure a copy of same upon presenting an affidavit to the Secretary of State, showing the nature of such interest. Each report shall be sworn to by either the president, vice-president, secretary, treasurer or general manager, and shall give the name and address of each officer and director. In order to provide a means for serving process to collect any franchise tax or penalties, and in all other cases, each foreign corporation shall, for such purpose, designate

Honorable Claude Isbell, page 3

some person residing in this State whose name and address shall be given on each report. . . ." (Emphasis ours)

It will be noted that the emphasized portion of the above enactment constituted new matter.

The same Legislature also passed as Section 4 of this Act what is now known as Article 7089(a), Vernon's Annotated Civil Statutes, providing for the report of additional information, both financial and non-financial.

The Legislature, in 1931, by House Bill No. 381, Acts 42nd Legislature, Regular Session, 1931, Chapter 265, Sections 2 and 3, again amended Article 7089, Vernon's Annotated Civil Statutes, and enacted what is now known as Article 141e, Vernon's Annotated Penal Code, but there was nothing in the caption of the Bill emphasizing the change in the terms of Article 7089 or the addition of Article 141e to the Penal Code.

Article 7089 as now constituted and upon the construction of which is predicated your request, is as follows:

"Except as herein provided, all corporations now required to pay an annual franchise tax shall, between January 1st and March 15th of each year, make a sworn report to the Secretary of State, on blanks furnished by that office, showing the condition of such corporation on the last day of its preceding fiscal year. The Secretary of State may for good cause shown by any corporation extend such time to any date up to May 1st. Said report shall give the cash value of all gross assets of the corporation, the amount of its authorized capital stock, the capital stock actually subscribed, and the amount paid in, the surplus and undivided profits or deficit, if any, the amount of mortgage, bonded and current indebtedness, the amount and date of payment of the last annual, semi-annual, quarterly, or monthly dividend, the amount of all taxes paid, or due and payable separately to the State of Texas, or to

Honorable Claude Isbell, page 4

any county, city or town, school district, road
district, or other taxing subdivision of Texas,
for the preceding tax year, the total gross re-
ceipts of such corporation from all sources and
the gross receipts from its business done in Texas
for the fiscal year preceding, with a detailed bal-
ance sheet and income and profit and loss state-
ment in such form as the Secretary of State may
prescribe. Where a foreign corporation has not
heretofore done business in this State and is
granted a permit to do business in Texas, it shall
file its first report as of the end of one year
from the day such permit was granted, within ninety
(90) days of such date. Any corporation which
shall fail or refuse to make its report shall be
assessed a penalty of ten per cent (10) of the
amount of franchise tax due by such corporation,
payable to the Secretary of State, together with
its franchise tax. Said report shall be deemed
to be privileged and not for the inspection of the
general public, but a bona fide stockholder owning
one per cent (1%) or more of the outstanding stock
of any corporation, may examine such returns upon
presentation of evidence of such ownership to the
Secretary of State. No other examination, dis-
closures, or use, shall be permitted of said re-
ports except in the course of some judicial pro-
ceedings in which the State is a party or in a
suit by the State to cancel the permit or forfeit
the charter of such corporation or to collect
penalties for a violation of the laws of this
State, for information of any officer, of this
State charged with the enforcement of its laws,
including the Comptroller of Public Accounts, State
Auditor and the State Tax Commissioner. Each re-
port shall be sworn to by either the president,
vice president, secretary, treasurer or general
manager, and shall give the name and address of
each officer and director. In order to provide a
means for service of process to collect any fran-
chise tax or penalties, and in all other cases,
each foreign corporation shall, for such purpose,
designate some person residing in this State whose
name and address shall be given in each report.

Honorable Claude Isbell, page 5

The State shall have a prior lien on all corporate property for all franchise taxes, penalties and interest." (Emphasis ours)

Article 141e of the Penal Code, is as follows:

"If the Secretary of State or any other State officer or employee, or any other person, having access to any franchise tax report filed as provided by law, including any shareholder who is permitted to examine the report of any corporation as provided in Section 7 hereof, shall make known in any manner whatever not provided by law the amount or source of income, profits, losses, expenditures, or any particulars thereof, or any other information pertaining to the financial condition of the corporation set forth or disclosed in such report, he shall be punished by a fine not exceeding One Thousand Dollars ($1,000.00) or confinement in jail for not exceeding one year, or both." (Emphasis ours)

By the terms of House Bill No. 641, Acts 48th Legislature, Regular Session, 1943, Chapter 318, page 476, now Articles 7084b to h, inclusive, the Legislature attempted to modify the provisions of the last sentence of Article 7089, supra, reading as follows:

"The State shall have a prior lien on all corporate property for all franchise taxes, penalties and interest."

The pertinent paragraphs of House Bill No. 641, which thus bear upon the construction of Article 7089, are as follows:

"Article 7089b -- Validity as against Mortgagees, etc.

"No lien granted the State of Texas by this Chapter shall be valid as against any mortgagee, pledgee, purchaser, party in possession or creditor acquiring rights, ownership or liens in such property unless and until notice of such State lien has been filed by the Secretary of State as hereinafter provided prior to the date on which such

Lands Isbell, page 6

mortgagee, pledgee, purchaser, creditor or person in possession acquired such rights, liens or owner-ship. (Emphasis ours)

"Article 7089c -- Secretary of State Author-ized to Record.

"The Secretary of State shall file and record with the Clerk of any County in which he has reason to believe any corporation owing franchise taxes, penalties and interest, has real or personal prop-erty a notice of the taxes, penalties and interest accruing under this Chapter and the liens securing the same on a form prepared or approved by the At-torney General of the State of Texas showing the name of the corporation owing such taxes, penalties and interest, the franchise taxes then due and ow-ing and calling attention to the possible addition-al taxes, penalties and interest which might accrue in the future under the terms of this chapter. (Emphasis ours)

"Article 7089d -- Recording and Effect thereof.

"The County Clerk of each county is hereby authorized to and shall file, record and index the notice provided for by the preceding paragraph, both as a Chattel Mortgage and as a mortgage on real estate in accordance with the statutes in such cases made and provided and when so filed, record-ed and indexed, the same shall be and constitute notice to all parties dealing with the real and personal property of such corporation in said county of the taxes, penalties and interest then accrued and to accrue in the future and of the liens herein granted the State of Texas." (Em-phasis ours)

Reference is here made to Section 7 of the Act (the emergency clause) which is too voluminous to set forth here, which states the intent of the Legislature in enacting this amendment.

One of the fundamental rules of statutory construc-tion requires that a statute be construed as a whole and that

Honorable Claude Isbell, page 7

all of its parts be harmonized if possible, so as to give effect to the entire Act, according to the evident intention of the Legislature. In accordance with this rule in interpreting the statute, the Act in its entirety should be considered, each part in connection with every other part.

Another of the fundamental rules of construction is that where ambiguous or seemingly conflicting language is contained in the statute, the circumstances attending its passage which bear upon the legislative intent, and the state of the law at the time of its enactment, the conditions designed to be dealt with, and good intended to be accomplished and the mischief sought to be remedied, should all be taken into consideration.

Judge Sharp, speaking for the Supreme Court of Texas in the case of Magnolia Petroleum Company v. Walker, 83 S.W. (2d) 929, held as follows:

"No inflexible rule can be announced for the construction of statutes. However, the dominant rule to be observed is to give effect to the intention of the Legislature. Generally the intent and meaning is obtained primarily from the language of the statute. In arriving at the intent and purpose of the law, it is proper to consider the history of the subject-matter involved, the end to be attained, the mischief to be remedied, and the purposes to be accomplished. . . ."

It is also a fundamental rule that in construing an amendment to a statute the entire history of the statutory legislation from its original enactment must be considered in connection with the interpretation of the meaning of the amendment and not the wording of the statute alone.

". . . When a new section has been introduced into a law, it must be construed in view of the original statute as it stands after the amendment is introduced, and it and all the sections of the old law must be regarded as a harmonious whole, all sections mutually acting upon each other."

The foregoing rule of construction was adopted by the Supreme Court of Texas in the case of Shipley v. Floydada Independent School District (Com. of App.), 250 S.W. 159.

Honorable Claude Isbell, page 8

Following the history of Article 7089, it will be noted that originally the franchise reports were held to be privileged and not for public inspection, but that any person who was interested could obtain a copy of the report from the Secretary of State. This statutory provision was unchanged until 1930 at which time by legislative requirement the person interested was required to submit an affidavit to the Secretary of State to obtain such report. By the same legislative amendment it was required that each report set forth the name and address of each officer and director which, as can readily be seen, had no bearing on the report of the financial condition or status of the corporation making the report. There was also added an additional requirement that every foreign corporation should submit the name of a person residing in the State, together with his address, for the service of process in suits for the collection of franchise taxes or penalties, and in all other cases. This information was also to be contained in the report.

From the foregoing, it is self-evident that the intention of the Legislature was that only those persons interested from a personal or official standpoint should have access to the reports for the purpose of obtaining information contained therein and in order to do so the nature of such interest must be shown to the satisfaction of the Secretary of State. It is also evident that the purpose of requiring the report to contain the names of officers and directors, and in the case of foreign corporations the name of the agent for service of process, was for the benefit of all persons who had business dealings with the corporations in question so as to enable them to avail themselves of their legal rights in connection with such business dealings.

It is true that when a domestic corporation is chartered in this State or a foreign corporation obtains a permit to do business in this State, such charters and permits and the information contained therein are public records and available to the public at large. These records furnish a statement of the capital stock of the corporation, the names of the officers and directors and the principal place of business, and also in the case of a foreign corporation obtaining a permit, the name of the agent for service, but it is a matter of common knowledge that from time to time the officers, directors, the agent for service and the principal

Honorable Claude Isbell, page 9

place of business of both domestic and foreign corporations are changed without further required notice to the Secretary of State, and hence such public records become obsolete. On the contrary, the law requires that the franchise tax report be rendered yearly by every corporation, both domestic and foreign, doing business in the State of Texas and hence the above information, while it pertains in no way to the financial condition or status of the corporation in question, nevertheless is a matter of public interest to both State officials and private individuals who have business or other legal relations with the corporations in question, and for whose benefit the above information is necessary as a matter of public policy.

However, the Legislature in 1931 again amended Article 7089 and required that the report contain additional information concerning the financial condition or status of the corporation which had not theretofore been required, and which, if available to the general public or particular individuals who asserted a prima facie status as interested persons, might work mischief and irrevocable financial hardship upon the corporations required to furnish such information. Among the additional information so required was a detailed balance sheet and income and profit and loss statement, which as is self-evident, would enable any person having access thereto to ascertain whether or not the condition of the corporation was that of solvency or insolvency.

Pursuant to such legislation the Legislature then proceeded to define who were _interested_ persons who should have access to the information in question and the use to which such information might be put by persons legally authorized to examine same. It will be noted in this connection that the stockholder holding 1% or more of the capital stock of the corporation could not make public the information contained therein nor could the law enforcement officers of the State use such information except in connection with well defined duties imposed upon them by the terms of the Article in question. In order to insure that there would be no mis-use of the vital information as to the financial condition, the Legislature provided by Section 3 of the amending Act a penal statute, being Article 141e of the Penal Code, creating an offense and defining it as a misdemeanor and prescribing a

punishment for the unlawful dissemination or publication of any of the data contained in the franchise tax report relating to the financial condition of the corporation.

By such Act, under the general rules of statutory construction above referred to, it was the manifest intention of the Legislature to hold as privileged only the information as to the financial condition of the corporation and not other information as to the name of the corporation, the officers and directors of the corporation, or the principal office and place of business of the corporation, which as stated in your request are available in other records. In addition it was certainly not the intention of the Legislature to keep secret the name of the agent for service of process, since the provisions of the 1930 Act carried through verbatim into the 1931 Act provided that such name and address should be available for use "in all other cases." And the Legislature is not presumed to have intended the doing of a useless thing.

In this connection we call attention to a portion of the opinion of this department, being No. O-4737, approved September 3, 1942, as to the question of legislative intent in the enactment of Article 7089, as amended by the Acts of the 42nd Legislature:

> ". . . It is evident that the legislative purpose in providing that the reports should be privileged from general public inspection was primarily designed to prevent persons from inquiring into the financial status of a corporation, possibly to its embarrassment, and that such an inspection was prohibited in the interest of public policy. . . ."

It is therefore the opinion of this department that the Secretary of State may disclose the name of the person designated in the franchise tax report as the agent upon whom service may be had, and the answer to your question is therefore, "Yes."

You have called attention to the provisions of House Bill No. 641, Acts 48th Legislature, Regular Session, 1943, Chapter 38, page 476, now Articles 4089b to h, inclusive,

Honorable Claude Isbell, page 11

Revised Statutes of Texas, as being contradictory to portions of the opinion of this department, being No. O-5210, approved May 19, 1943, and request a reconsideration of the opinion in the light of the above enactment.

It is evident that at the time the above opinion was written and approved on May 19, 1943, House Bill No. 641 had not been called to the attention of the writer of the opinion for the reason that no reference thereto was made in the opinion, and while House Bill No. 641 was approved by the Governor on May 13, 1943, nevertheless it did not become effective until ninety days thereafter.

The above opinion in question held that the Secretary of State was authorized to state whether or not franchise taxes had been paid but "nothing said herein is to be construed as authorizing a disclosure of the amount of the taxes paid if such taxes have been wholly paid, the amounts of taxes paid and due if such taxes have been partially paid, or the amount of taxes due or delinquent if such taxes have not been paid."

Reference to Articles 7089b, 7089c and 7089d quoted above and particularly the italicized portions thereof shows that it was the intention of the Legislature to make it the duty of the Secretary of State in connection with the enforcement of the lien for delinquent franchise taxes and penalties to publicize and make a matter of public record the name of such delinquent corporation, its principal place of business and the amount of all taxes and penalties not only then delinquent but also those "which might accrue in the future," and hence by no legal construction can it be assumed that such items are privileged.

As a matter of fact, from the data contained in the ledger sheet showing the amount of taxes due by the corporation, it is manifestly impossible for any person having access thereto to ascertain any information as to the financial condition of the corporation under the formula prescribed in Article 7084, since the only information to be derived from the amount of tax due would be the amount of taxable capital which the Secretary of State assesses for franchise tax due and which is not necessarily the amount computed by the corporation in its franchise tax report, since additional assessments may be made by the Secretary of State.

Honorable Claude Isbell, page 12

You also state in your letter of request as follows:

"This department has long held to the view that a disclosure of the names of the service agents, officers and directors, and the place of business of a corporation as shown in the franchise tax reports was not a violation of the spirit and letter of Article 7089, R.C.S. of Texas. The consistent view has been that the restricted examination referred to the financial condition of a corporation and its fiscal affairs and that since a corporation was dealing with and must depend upon the public for success, the public, particularly creditors and prospective investors, was entitled to such information as to its officers and directors. This view was followed up to the date of receipt of Opinion No. O-5210, dated May 19, 1943."

It is a well known rule of law in Texas that in the case of the construction of a statute which is ambiguous in its terms, contemporaneous departmental construction thereof by the officials charged with the enforcement of the law, and which construction is adhered to over a period of years, is highly persuasive, and while not binding upon the courts, nevertheless will be given great weight in the court's construction of such ambiguity. See McCallum v. Associated Retail Credit Men of Austin, 41 S.W. (2d) 45 (Com. of App.)

In view of the previous construction by this department in Opinion No. O-4737 above quoted as to the legislative intent in enacting Article 7089 and the departmental construction of said article given by the Secretary of State's Office up to May 19, 1943, when Opinion No. O-5210, was approved by this department (without however overruling the prior opinion), and in view of the enactment by the Legislature of House Bill No. 641, Acts 48th Legislature, 1943, it is the opinion of this department that the name of the corporation making a franchise tax report, the names and addresses of the officers and directors of a corporation, the location of its principal place of business, and the name and address of the agent upon whom service of process may be had as shown by the franchise tax report and the amount of franchise taxes and penalties due and owing, if any, by the

Honorable Claude Isbell, page 13

corporation to the State of Texas, may be furnished by the Secretary of State.

All those parts of Opinions No. O-5210, approved May 19, 1943, and O-4737, approved September 3, 1942, which are in conflict herewith are overruled.

Nothing in this opinion is to be construed as passing upon the validity of the provisions of House Bill No. 641, Acts 48th Legislature.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR:db

APPROVED
OPINION
COMMITTEE
BY BWT
CHAIRMAN